UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| VICTOR MELESIO LOZADA,<br><br>Plaintiff,<br><br>v.<br><br>SANTA ROSA POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 20-cv-01896-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis (dkt. 5) and has consented to the jurisdiction of a Magistrate Judge (dkt. 4).

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that he was improperly arrested and the arresting police officer falsified information, and he seeks monetary damages. A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the complaint alleges that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim). And a claim of unlawful detention/imprisonment is cognizable under § 1983 for violation of the Fourteenth Amendment's guarantee of due process if the arrest was without probable cause or other justification and the defendant knew or should have known that plaintiff was entitled to release. *See Baker v. McCollan*, 443 U.S. 137, 142-145 (1979); *Lee v. County of Los Angeles*, 250 F.3d 668, 684-85 (9th Cir. 2001) (plaintiff stated due process claim where police allegedly arrested plaintiff's son without probable cause, detained him without verifying that he was the person for whom police had an arrest warrant, despite his obvious mental incapacity, and detained him for one day before extradition hearing, which led to his incarceration in another state for two

2

1    years); *but cf. Gant v. County of Los Angeles*, 772 F.3d 608, 619, 621-22 (9th Cir. 2014) (because
2    plaintiff did not inform defendants of his mistaken identity and because he received a prompt
3    hearing, his due process claim based on unlawful post-arrest detention failed).

4    In order to recover damages for an allegedly unconstitutional conviction or imprisonment,
5    or for other harm caused by actions whose unlawfulness would render a conviction or sentence
6    invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed
7    on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to
8    make such determination, or called into question by a federal court's issuance of a writ of habeas
9    corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that
10   relationship to a conviction or sentence that has not been so invalidated is not cognizable under §
11   1983. *Id*. at 487.

12   In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for
13   deferred accrual is called into play only when there exists 'a conviction or sentence that has not
14   been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id*. at 391-93 (quoting
15   *Heck*, 512 U.S. at 486-87). The *Heck* rule delays accrual only if there is an existing conviction on
16   the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful
17   imprisonment claims is when the plaintiff's confinement is no longer without legal process, but
18   rather becomes a confinement pursuant to legal process – that is, for example, when he or she is
19   bound over by a magistrate or arraigned on charges. *Id*. at 389-90. The Court stated that the
20   contention that "an action which would impugn *an anticipated future conviction* cannot be brought
21   until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id*. at 393
22   (italics in original). Although the Court was only considering when the statute of limitations began
23   running on a false arrest/false imprisonment claim, the discussion quoted suggests that *Heck* does
24   not apply if there is no extant conviction – for instance, if plaintiff has only been arrested or
25   charged.

26   If a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other
27   claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is
28   within the power of the district court, and accords with common practice, to stay the civil action

1    until the criminal case or the likelihood of a criminal case is ended. *Id*. at 393-94. If the plaintiff is

2    then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal;

3    otherwise, the case may proceed. *Id*. at 394.

4         Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official

5    policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658,

6    690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional

7    acts of its employees under the theory of respondeat superior. *See Board of Cty. Comm'rs. of*

8    *Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal

9    liability under § 1983 for a violation of constitutional rights resulting from governmental inaction

10    or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she

11    was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate

12    indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force

13    behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470,

14    1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal

15    quotation marks omitted).

16         Plaintiff states that he was improperly arrested on November 12, 2019, after the arresting

17    officer falsified information so Plaintiff would be charged with a felony. He argues that the initial

18    allegations involved theft, but he was charged with robbery. Plaintiff is currently in custody.

19    Plaintiff cannot obtain money damages unless the charges were dropped, or the conviction has

20    been expunged. If the prosecution is ongoing, this case must be stayed until the criminal case is

21    finished. The complaint is dismissed with leave to amend to provide more information about the

22    status of the criminal case and if plaintiff is in custody related to this arrest.

23         Plaintiff also names the Santa Rosa Police Department as defendant. The court assumes

24    that Plaintiff wishes to name Sonoma County as defendant. To properly plead a claim under

25    *Monell*, it is insufficient to allege simply that a policy, custom, or practice exists that caused the

26    constitutional violations. *AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). Pursuant

27    to the more stringent pleading requirements set forth in *Iqbal*, 556 U.S. at 670, and *Twombly*, 550

28    U.S. at 553-56, a plaintiff suing a municipal entity must allege sufficient facts regarding the

4

specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief. *AE*, 666 F.3d at 636-37 (citing *Starr*, 652 F.3d at 1216, which summarized new pleading standards derived from *Iqbal*, *Twombly* and related Supreme Court decisions). In an amended complaint, Plaintiff should provide more information if he seeks to present a *Monell* claim. He must also add Sonoma County as defendant.

## CONCLUSION

The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 17, 2020

ROBERT M. ILLMAN
United States Magistrate Judge